IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:24-CR-125

ROBERT WILBURN

**ORDER**

Robert Wilburn is set to be sentenced December 10, 2025. Doc. #36. On December 4, Wilburn filed (1) a motion to reset his sentencing date, Doc. #40; (2) a motion to seal the exhibit attached to his motion to reset, Doc. #41; and (3) another motion to reset his sentencing date, Doc. #42.

**A. Motions to Reset**

As cause to reset his sentencing date, Wilburn represents in both motions that "[he] has a pending unrelated criminal matter in the Circuit Court of Leflore County, Mississippi [and seeks] more time to favorable [sic] resolve [it] before the sentencing in this matter;" and "does not request a new *Order Setting Sentencing*; however, [he] would present at sentencing the imposed sentence in state court and/or surrounding information as part of this Honorable Court's consideration at the sentencing herein." Doc. #40 at PageID 71 (emphasis in original); Doc. #42 at PageID 82 (emphasis in original). Wilburn also represents that the government has no objection to the relief requested. Doc. #40 at PageID 71; Doc. #42 at PageID 82.

Considering the reasons why Wilburn seeks to reset his sentencing date and the lack of opposition to such, Wilburn's sentencing date will be reset based on the latter motion to reset. Wilburn's first motion to reset—which is identical to the second motion to reset except the exhibit to the second motion is redacted—will be denied as moot.

## B. Motion to Seal

As cause for the motion to seal, Wilburn offers that "[his] counsel … contemporaneously filed an exhibit to [his first motion to reset] which contains sensitive or personal identifiers or other information the public disclosure of which would (a) invade [his] privacy rights …[,] (b) could potentially prejudice [him], and (c) is not necessary for the public to know regarding this Court's consideration of the underlying motion." Doc. #41 at PageID 80. Contrary to Local Rule 47(A), Wilburn does not indicate if his counsel consulted with the government about his motion to seal or if his motion to seal is opposed.

Local Criminal Rule 49.1 instructs that "[t]he process for sealing court records shall be governed by Rule 79 of *The Uniform Local Civil Rules of the Northern and Southern Districts of Mississippi* …." U.L. Crim. R. 49.1 (emphasis in original). Local Civil Rule 79(e) requires a motion to seal to be accompanied by a non-confidential supporting memorandum (or a confidential memorandum submitted for in camera review) that must include, among other things, "why another procedure [except for sealing] will not suffice."[1]

---

[1] Such memorandum, and a proposed order, must include:

(A) A non-confidential description of what is to be sealed;
(B) A specific request that the document or case:
    (1) Be sealed from any access by the public and the litigants' counsel;
    (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
    (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
(C) A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice;
(D) References to governing case law; and
(E) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
(F) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

L.U. Civ. R. 79(e)(3).

2

After reviewing the exhibit to Wilburn's first motion to reset, it is clear the portion of the of the exhibit containing a sensitive and personal identifier can be redacted—rather than sealing the entire exhibit—without affecting the reasons Wilburn offers for why his sentencing date should be reset. Such is evidenced by the fact that Wilburn attached to his second motion to reset an identical exhibit with that information redacted. Doc. #42-1 at PageID 86. Given this, along with Wilburn's failure to satisfy the procedural requirements imposed by Local Civil Rule 79,[2] the motion to seal will be denied. However, in the interest of judicial efficiency, particularly since Wilburn has already filed a redacted version of the subject exhibit,[3] access to the exhibit will be restricted to the parties and the Court since sealing the document from all access is not warranted under the circumstances.[4]

### C. Conclusion

Based on the above:

1. Wilburn's second motion to reset [42] is **GRANTED**; and his first motion to reset [40] is **DENIED as moot**. Wilburn's sentencing date will be reset by separate notice.[5]

2. Wilburn's motion to seal [41] is **DENIED**. However, the Court directs the Clerk

---

[2] Wilburn did not submit a proposed order or a memorandum that includes references to governing case law, the period of time the exhibit should be sealed, why another procedure will not suffice, among other things.

[3] Doc. #42-1.

[4] There is a "presumption in favor of the public's access to judicial records" and whether to order judicial records sealed from the public is committed to the sound discretion of the district court, which must balance "the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). The Court concludes that the nondisclosure of Wilburn's sensitive and personal identifier information (his social security number) outweighs the public's right to access it. *See Earle v. Aramark Corp.*, 247 F. App'x 519, 526 (5th Cir. 2007) (no abuse of discretion for district court to seal documents containing social security numbers without examining them). But because this information is already known to the government for another purpose, *see* Doc. #1-2 (criminal cover sheet), no reason exists to seal the document from access by the government or the Court.

[5] While the Court will reset Wilburn's sentencing date, certain presentencing deadlines may need to be modified—though not requested by Wilburn—to the extent the status of the referenced Leflore County Circuit Court matter may necessitate revisions to the presentence report.

of the Court to restrict to the parties and to the Court access to the first motion to reset's exhibit [40-1].

      **SO ORDERED**, this 5th day of December, 2025.

                                                  **/s/Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**